IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-00083-M

| | |
|---|---|
| RAYMOND EARL MAY, JR. and ANGELA DOLORES MAY, Plaintiffs, v. MARTIN FEIN INTEREST LTD., *et al.*, Defendants. | **ORDER** |

This matter is before the court on the Memorandum and Recommendation (hereinafter "M&R") of United States Magistrate Judge Robert B. Jones, Jr. [DE-12] to dismiss in part certain claims Plaintiffs raise against the various named Defendants. Plaintiffs did not file written objections to the M&R. Instead, Plaintiffs filed a Proposed Amended Complaint [DE-14]. A cursory review of the Proposed Amended Complaint reveals no objection to any portion of the M&R. The matter is ripe for ruling.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotations omitted); *see* 28 U.S.C. § 636(b). Absent timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (citation and quotations omitted).

The court has reviewed the M&R and the record in this case and is satisfied that there is no clear error on the face of the record. Accordingly, the court ADOPTS the M&R [DE-12] and for the reasons state therein ORDERS as follows:

1. Plaintiffs' ADA claim and intentional infliction of emotional distress claim be DISMISSED

as to all Defendants;

2. All claims against Defendants Creekside at Crabtree Apartments and Crabtree Apartments Associates II LLC be DISMISSED without prejudice;

3. Plaintiffs' FHA claim for racial discrimination be allowed to proceed against Defendants Martin Fein Interest Ltd., Bell Partners Inc., Invesco Ltd., The Corporation Trust Company, Brenda Hubbard, Katie Nelson, Trevor Stroud, William Hubbard, Karry Allen, Desserraye Perry, and Meagan Dawes;

4. Plaintiffs' FHA claim for retaliation be allowed to proceed against Defendants Martin Fein Interest Ltd., Bell Partners Inc., Invesco Ltd., The Corporation Trust Company, Karry Allen, William Hubbard, and Meagan Dawes;

5. Plaintiffs' FHA claim for disability discrimination be allowed to proceed against Defendants Martin Fein Interest Ltd., Bell Partners Inc., Invesco Ltd., The Corporation Trust Company, Desserraye Perry, Trevor Stroud, and William Hubbard.

Should Plaintiffs wish to amend their complaint once it is docketed by the Clerk of Court, they are directed to follow the procedures for doing so outlined in Federal Rule of Civil Procedure 15. While the court keeps in mind that pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, see *Gordon v. Leeke*, 574 F.2d 1147, 1151-52 (4th Cir. 1978), choosing to prosecute this action pro se does not absolve Plaintiffs of the responsibility of complying with the Federal and Local Civil Rules.

SO ORDERED this the 30th day of July, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE