IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-CV-00083-M

RAYMOND EARLY MAY, JR. and,
ANGELA DOLORES MAY,

  Plaintiffs,

v.

MARTIN FEIN INTEREST LTD., *et al.*,

  Defendants.

ORDER

This matter is before the court on Defendants' Motions to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), (b)(4), (b)(5), (b)(6) [DE 22, DE 26, DE 63, DE 64, DE 66, DE 67, DE 68, DE 71, DE 84] and Plaintiffs' Motion to Extend Time to Serve Summons [DE 81], Motion to Amend Summons and Add Defendants [DE 82], and Petition to Use Alternative Method of Service [DE 97]. For the reasons that follow, Plaintiffs' motions are granted, and Defendants' motions are denied as moot.

## I.   Background

This is an action by *pro se* plaintiffs. The Plaintiffs' claims arise from a series of disputes between the Plaintiffs and their apartment complex, Creekside at Crabtree Apartments. Among other allegations, the Plaintiffs allege that they were not allowed to pay rent like other tenants, [DE 1-2, Compl. ¶¶ 38, 42–43; DE 12, at 4–5], that Defendants refused to sign for and accept Plaintiffs' medications, [DE 1-2, Compl. ¶¶ 44, 51–53, 59; DE 12, at 5–6, 12], and that Defendants made other statements and actions that the Plaintiffs allege are racist and discriminatory, [DE 1-2, Compl. ¶¶ 47–48, 61; DE 12, at 6–7, 8–9]. Plaintiffs' Complaint includes a Fair Housing Act

(FHA) claim for racial discrimination, an FHA claim for retaliation, an FHA claim for disability discrimination, a claim under the Americans with Disabilities Act, and a claim for intentional infliction of emotional distress. [DE 1-2; DE 12].

On February 19, 2021, Plaintiffs filed a motion for leave to proceed in forma pauperis along with their complaint and supporting documents. [DE 1]. On February 23, 2021, the court entered an order directing Plaintiffs to correct certain deficiencies and return corrected documents within fourteen days. [DE 6]. On March 5, 2021, Plaintiffs filed new motions for leave to proceed *in forma pauperis* and proposed summonses. [DE 7, DE 8].

On June 17, 2021, Magistrate Judge Jones submitted a Memorandum and Recommendation ("M&R"). [DE 12]. The M&R recommended dismissing the claims under the Americans with Disabilities Act and for intentional infliction of emotional distress. It recommended allowing Plaintiffs to proceed with their claims for racial discrimination, retaliation, and disability discrimination under the Fair Housing Act. This court adopted the M&R in full. [DE 16].

On August 2, 2021, summonses were issued, [DE 17], but service was improper. All Defendants moved to dismiss for improper service. [DE 22, DE 26]. Plaintiffs moved to extend time to serve summonses and the complaint, amend summonses, and for service by the U.S. Marshals. [DE 43, DE 44, DE 45]. On October 21, 2021, Magistrate Judge Jones entered an order allowing the Plaintiffs to amend their summonses, ordering the U.S. Marshal to serve Defendants, and extending the time to effect service until December 15, 2021. [DE 50].

On November 10, 2021, Plaintiffs filed new proposed summonses [DE 54], which were reissued on November 16, 2021 [DE 55]. Plaintiffs attempted service on William Hubbard [DE 54], Brenda Hubbard [DE 54-1], Trevor Stroud [DE 54-2], Katie Nelson [DE 54-3], Martin Fein

2

Interest Ltd. [DE 54-4], Invesco [DE 54-5], Bell Partners [DE 54-6], and Desserraye Perry [DE 54-7]. The returns of service are filed at DE 57–DE 62, DE 74, and DE 83.

Ten Defendants are currently named in the case. Five have been served (as addressed on the proposed summonses): Bell Partners, Invesco, Katie Nelson, Trevor Stroud, and William Hubbard. Three parties are unserved: Martin Fein, Brenda Hubbard, and Desserraye Perry. Two parties are unserved: Karry Allen and Meagan Dawes.

The five Defendants who purportedly received service filed second motions to dismiss pursuant to Rule 12(b)(2), (b)(4), (b)(5), and (b)(6).

## II. Legal Standards

Rule 4 of the Federal Rules of Civil Procedure governs service of process in the federal courts. Service of process is the issuance of a summons and complaint to each defendant. Fed. R. Civ. P. 4(a), (b), (c). "Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *United States v. Perez*, 752 F.3d 398, 406 (4th Cir. 2014). "A plaintiff has the burden to show that she effected service of process properly and that the court has personal jurisdiction over all defendants." *Saimplice v. Ocwen Loan Servicing Inc.*, 368 F.Supp.3d 858, 865 (E.D.N.C. 2019).

Rule 4(e) of the Federal Rules of Civil Procedure governs serving an individual. It states that an individual may be served in a judicial district of the United States by

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**(2)** doing any of the following:

**(A)** delivering a copy of the summons and of the complaint to the individual personally;

3

**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Rule 4(e)(1), Plaintiffs can serve an individual in accord with North Carolina law. N.C. Gen. Stat § 1A-1, Rule 4(j)(1) provides that the manner of service of process on a natural person shall be by one of the following:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. 1A-1, Rule 4(j)(1).

Rule 4(h) of the Federal Rules of Civil Procedure governs serving a corporation, partnership, or association. Rule 4(h) states that a domestic corporation or partnership must be served:

**(1)** in a judicial district of the United States:

4

> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).

Under Rule 4(h)(1)(A), Plaintiffs can serve a corporation, partnership, or association in accord with North Carolina law. N.C. Gen. Stat § 1A-1, Rule 4(j)(6) provides that the manner of service of process shall be by one of the following:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat § 1A-1, Rule 4(j)(6).

Rule 4(m) governs dismissal for failure to serve process within 90 days. "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Nevertheless, a defect in service can be cured by actual

5

notice if the defect is a mere technicality and there is substantial compliance with Rule 4's strictures. *See Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016).

Although the purpose of service of process is actual notice, plaintiffs must still comply with the plain requirements of Rule 4. *Id.* However, when a defendant receives actual notice, the requirements of Rule 4 should be "construed liberally." *See Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003); *see also Washington v. Cline*, 233 N.C. App. 412, 420, 761 S.E.2d 650, 655–656 (2014) (explaining that the North Carolina Supreme Court and Court of Appeals have held "liberality as the canon of construction when interpreting the North Carolina Rules of Civil Procedure."). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Elkins*, 213 F.R.D. at 275 (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Although actual notice provides for a liberal construction, "substantial compliance" with the rules is still required to cure any technical defect in service. *Scott*, 673 F. App'x at 306 (explaining the liberal construction afforded the rules by actual notice will overcome minor technical defects but Rule 4 still "must be accorded at least substantial compliance") (internal citations and quotation marks omitted). "Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff." *Id.* at 305.

Rule 12 of the Federal Rules of Civil Procedure governs motions to dismiss for defects in service. A motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure seeks dismissal based on lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A motion under Rule 12(b)(4) seeks dismissal based on insufficient process, i.e. "the forms are technically deficient (e.g., wrong name) or otherwise deficient in ways that are unrelated to service of the pleadings." *Brown v.*

6

*Charlotte Rentals LLC*, No. 3:15-CV-0043-FDW-DCK, 2015 WL 4557368, at *3 (W.D.N.C. July 28, 2015). A motion under Rule 12(b)(5) seeks dismissal based on insufficient service of process, i.e. "[d]eficiencies in service, as opposed to process, [which] relate to the actual service of the pleadings upon the parties." *Id.*; *see also* 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2022).

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs a motion to dismiss based on failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the complaint's well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To survive a Rule 12(b)(6) motion, the plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires these allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'[N]aked assertions' of wrongdoing

7

necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

## III. Analysis

### 1. Invesco and Bell Partners

The Plaintiffs failed to properly serve Bell Partners and Invesco. Bell Partners moves to dismiss under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and insufficient service of process. Invesco moves to dismiss under Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure for insufficient service of process, insufficient process, and failure to state a claim.

Plaintiffs' attempted service on Bell Partners and Invesco was insufficient. Plaintiffs did not attempt to deliver service of process or to deposit it with a designated delivery service; instead, they elected to mail service of process. Therefore, service fails under all applicable methods except N.C. Gen. Stat § 1A-1, Rule 4(j)(6)(c). Rule 4(j)(6)(c) allows for service of process "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served."

In this case, service fails under Rule 4(j)(6)(c) because service was not addressed to the officer, director, or agent to be served. "A plaintiff cannot hand a document directly to an abstraction, so that abstraction must be served through an agent." *In re Newbrook Shipping Corp.*, 31 F.4th 889, 897 (4th Cir. 2022) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) ("A corporation is a distinct legal entity that can act only through its agents.")). Failure to name that agent or even attempt to name an agent violates a plain requirement of Rule 4 and is more than a technical defect. *See Gulley v. Rex Hosp., Inc.*, No. 5:14-CV-00127-F, 2014 WL 4537185, at *2 (E.D.N.C. Sept. 11, 2014) (noting failure to "comply with North Carolina Rule of Civil Procedure

8

4(j)(6)(c) because she failed to address the Summons and Complaint to an 'officer, director or agent' of Rex Hospital, instead addressing it to only 'Rex Hospital.'"); *Brissett v. Fremont Inv. & Loan Corp. Headquarters*, No. 4:07-CV-108-FL, 2008 WL 11429663, at *3 (E.D.N.C. Jan. 9, 2008) ("The summons and complaint were not directed or addressed to any of the above-identified individuals as required by Rule 4(j) of the North Carolina Rules of Civil Procedure."); *see also Gittens v. Equifax*, No. 3:16-CV-00228-FDW-DSC, 2019 WL 5790655, at *2–4 (W.D.N.C. Nov. 5, 2019) (dismissing a *pro se* plaintiff's case for failure to designate any officer or authorized agent of the defendant-corporation when serving process), *aff'd*, 801 F. App'x 190 (4th Cir. 2020). Although courts have held that "a mistake in a party's name in a summons is not always a fatal error," *Shaver v. Cooleemee Volunteer Fire Dep't*, No. 1:07-CV-00175, 2008 WL 942560, at *1 (M.D.N.C. Apr. 7, 2008), in this case, the Plaintiffs did not merely make a mistake in the party's name but instead did not address the summons to an officer, director, or agent at all. Therefore, service is improper under Rule 4.

In addition, Invesco moves to dismiss Plaintiffs' Complaint for failure to state a claim, but Invesco's motion relies on documents outside the four corners of the complaint. On a motion to dismiss, this court must generally limit its review to the allegations in the complaint itself. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). However, the court can consider "documents that are explicitly incorporated into the complaint by reference," documents "attached to the complaint as exhibits," and any documents "integral to the complaint" if "there is no dispute about the document's authenticity." *Id.* Invesco relies on a North Carolina Special Warranty Deed and the Deeds Summary printout from the Wake County Register of Deeds to argue it has no ownership interest in the property and no legal connection to the Plaintiffs. [DE 66-1]. These documents do not fall under any exception for considering documents outside the Complaint at the

9

12(b)(6) stage, and Invesco provides no argument that these documents fall under any of the exceptions either. Instead, the Complaint alleges that Invesco is the owner of the property and that the Plaintiffs received an email to this effect in June 2019. [DE 1-2, Compl. ¶ 64]. Under Rule 12(b)(6), the court must take all allegations as true. There is a factual dispute as to the nature of Invesco's interest, ownership, and management of the property. Because Invesco's only argument for dismissal relies on disputed documents outside the complaint, Invesco's motion to dismiss is denied.

### 2. Katie Nelson and William Hubbard

The Plaintiffs failed to properly serve Katie Nelson and William Hubbard. Although Plaintiffs served people named Katie Nelson and William Hubbard, they did not name the correct Katie Nelson or William Hubbard.

The Affidavit of Katie Nelson Posey states "I am not the Katie Nelson referenced in the Complaint." It goes on to state

> I have never worked for Martin Fein Interest Ltd. I have never worked as an apartment manager and have not ever worked for an apartment complex at all. I have never lived or worked in Houston, Texas. I have never heard of Creekside at Crabtree Apartments or the plaintiffs until I read this Complaint. I do not know and have never spoken to any of the individuals referenced in the Complaint.

[DE 68-1, ¶ 3].

The Affidavit of William Hubbard states "I am not the William Hubbard referenced in the Complaint." It goes on to state

> I have never worked for nor maintained an ownership interest in Martin Fein Interest Ltd., Bell Partners, Inc., or Invesco Ltd. I have never worked as an apartment manager, nor have I ever worked for an apartment community at all. I have never lived or worked at the Creekside at Crabtree Apartments in Raleigh, North Carolina. Prior to reading this Complaint, I was unfamiliar with the allegations at issue. I do not know any of the Parties referenced in the Complaint.

10

[DE 71-1, ¶ 3]. Serving the wrong person is insufficient service of process. *Cf. Scott*, 673 F. App'x at 306 (failing to direct service to the correct address was improper because "[t]o hold otherwise would eviscerate the clear requirements of Rule 4.").

### 3. Trevor Stroud

The Plaintiffs failed to properly serve Trevor Stroud. Rule 4(e) of the Federal Rules of Civil Procedure governs serving an individual. An individual may be served in a judicial district of the United States by

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>>
>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Rule 4(e)(1), Plaintiffs can serve an individual in accord with North Carolina law. N.C. Gen. Stat § 1A-1, Rule 4(j)(1) provides that the manner of service of process on a natural person shall be by one of the following:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

11

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(1).

The return of the Summons states that the Summons and Complaint were "delivered to the front desk, reception area, or mail room." [DE 83]. This does not comply with any valid method of service. It was not delivered to the individual or natural person personally. Fed. R. Civ. P. 4(e)(2)(A); N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a). It was not left with someone of suitable age and discretion at the individual's dwelling or usual place of abode. Fed. R. Civ. P. 4(e)(2)(B); N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a). It was not delivered to an agent. Fed. R. Civ. P. 4(e)(2)(C); N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(b). It was not delivered to the addressee nor is there any record of a return receipt requested. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). It was not delivered to the addressee nor was a delivery receipt obtained. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(d). It was not delivered to the addressee nor was it mailed by signature confirmation as provided by the United States Postal Service. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(e). It was not served by any means of valid service nor are the defects in service curable, because the failures described above are not mere technical violations. There was no substantial compliance. In sum, Plaintiffs' attempted service on Stroud was improper.

### 4. Plaintiff's Motion to Amend Summonses and Motion to Extend Time for Service.

The Plaintiffs have moved for an extension of time to serve summonses, to amend summonses, and to add defendants. [DE 81, DE 82]. Plaintiffs request permission to amend the summonses to correct anything that needs to be corrected to ensure proper service under the Federal Rules of Civil Procedure. [DE 82]. They also move to use an alternative method for service of a summons and complaint. [DE 97].

Rule 4 of the Federal Rules of Civil Procedure governs a federal court's discretion to permit amendments to summonses and extend the time to effectuate proper service of process. Rule 4(m) states

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(a)(2) states, "The court may permit a summons to be amended." Fed. R. Civ. P. 4(a)(2).

Pursuant to Rule 4(m), if the Plaintiffs show good cause, then the court must extend the time for service. "Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019), *as amended* (June 10, 2019). Courts "can find good cause to extend the service deadline only if the plaintiff made reasonable and diligent efforts to effect service within the 90-day period." *Shirley v. Staubs*, 812 F. App'x 162, 162 (4th Cir. 2020). "While 'good cause' is a flexible standard, diligence provides a touchstone for an appellate court that is reviewing a dismissal under Rule 4(m)." *Attkisson*, 925 F.3d at 627. "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'"

13

*Collins v. Thornton,* 782 F. App'x 264, 267 (4th Cir. 2019). Moreover, Rule 4(m) "permits a district court to enlarge the time for service even if there is no good cause shown." *Durity v. Precision Walls, Inc.,* No. 5:19-CV-506-FL, 2020 WL 1492812, at *2 (E.D.N.C. Mar. 26, 2020) (citing *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996)).

The Plaintiffs' motion to extend time is granted because they have shown good cause for the delay and have been diligent in attempting to serve the Defendants. *Elkins,* 213 F.R.D. at 276 ("[T]o establish good cause, Plaintiff must show that he acted in good faith and demonstrate some form of due diligence in attempting service."). Courts consider a number of non-dispositive factors in determining whether to extend time for service including "whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." *Scott,* 673 F. App'x at 306. "Courts have authorized extensions of time where a [*pro se*] plaintiff has made a reasonable effort to effect service." *Gulley,* 2014 WL 4537185, at *2.

These factors counsel in favor of finding good cause and granting Plaintiffs an extension of time. Most importantly, Plaintiffs have acted diligently and made reasonable efforts to serve the Defendants. Plaintiffs are *pro se* and have attempted service on time but have failed to comply with the strictures of Rule 4. Although they moved for an extension of time and to amend service after the 90-day deadline, they did so promptly, filing their motions soon after becoming aware of their errors in response to the Defendants' motions to dismiss for improper service. *Cf. Yongo v. Nationwide Affinity Ins. Co. of Am.,* No. 5:07-CV-94-D, 2008 WL 516744, at *9 (E.D.N.C. Feb. 25, 2008) (finding good cause to extend time for service because the "plaintiff acted promptly after the second amended complaint was filed to attempt service."). The court gave Plaintiffs until

14

December 15, 2021, to serve Defendants. [DE 50]. Plaintiffs filed their proposed summonses on November 10, 2021. [DE 54]. The Defendants filed their motions to dismiss for improper service between December 22, 2021, and January 5, 2022. Plaintiffs responded by moving to extend time less than two weeks later, on January 18, 2022. [DE 81]. Although Plaintiffs failed to follow the strictures of Rule 4, they were diligent in attempting service, and moved for an extension of time to effectuate proper service in quick response to the Defendants' motions to dismiss. The Plaintiffs have diligently, if improperly, pursued service of process.

In addition, the other factors support the court's finding of good cause. First, although there is no evidence that the delay in service was outside the Plaintiffs' control, the Plaintiffs allege that difficulties associated with the COVID-19 pandemic may have made it more difficult to effectuate proper service. Second, the Defendants have not waived service despite receiving actual notice. Instead, the Defendants move to dismiss the claims of *pro se* plaintiffs based on technical violations of the Rules of Civil Procedure. [DE 12]. Third, the Plaintiffs are *pro se* and courts generally allow *pro se* plaintiffs to correct technical insufficiencies in service. *Norton v. Columbus Cnty. Bd. of Elections*, 493 F. Supp. 3d 450, 459 (E.D.N.C. 2020), *aff'd*, 834 F. App'x 54 (4th Cir. 2021); *Thomas v. Nelms*, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013); *see also Alford v. Rosenberg*, No. 7:16-CV-376-D, 2018 WL 2905741, at *2 (E.D.N.C. June 11, 2018) ("When a plaintiff is allowed to proceed in forma pauperis, the responsibility for serving pleadings falls to the United States Marshal Service. In such cases, defects in service are not attributable to the plaintiff and create good cause to excuse a failure to serve."). Fourth, the Defendants are not substantially prejudiced by an extension of time to effect service. *See Yongo*, 2008 WL 516744, at *9 (finding no prejudice to the defendant "beyond the inherent prejudice in having to defend the suit."). The Defendants have actual notice, the Plaintiffs have been diligent

15

in attempting service, they have received only one extension of time, and the Defendants are trying to dismiss Plaintiffs' remaining claims on technicalities of service even though the Plaintiffs' claims were properly filed and survived frivolity review. In accord with the Fourth Circuit's "'strong preference for deciding cases on the merits' by preventing any procedural gamesmanship," the court finds good cause and must grant the Plaintiffs an extension of time to effectuate service of process. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 547 (4th Cir. 2013); *see also Hallager v. Acct. Resol. Servs., LLC*, No. 5:20-CV-354-BO, 2021 WL 6125621, at *1 (E.D.N.C. Mar. 4, 2021) (finding good cause to extend time for service due to "lack of prejudice to [defendant] because [the defendant] ha[d] been served with the complaint and summons and ha[d] notice of the suit. . . . the existence of the COVID-19 pandemic, the threat that the statute of limitations will have run if plaintiff's claims are dismissed, and finally the Fourth Circuit's strong preference that cases be decided on the merits.").[1]

---

[1] The Plaintiffs have shown good cause for failing to effectuate service within 90 days. Therefore, this court must extend the time for Plaintiffs to serve Defendants. Fed. R. Civ. P. 4(m). However, the Fourth Circuit is divided on whether a district court has discretion to grant an extension of time even without a showing of good cause. *See Mendez v. Elliot*, 45 F.3d 75, 80 (4th Cir. 1995) ("Rule 4(m) requires that good cause be shown for obtaining an extension."), *but see Giacomo-Tano v. Levine*, 199 F.3d 1327, at *1 (4th Cir. 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); *see also Scruggs v. Spartanburg Reg'l Med. Ctr.*, 198 F.3d 237, at *2 (4th Cir. 1999) ("The Supreme Court recently observed that 'Rule 4(m) [ ... ] permits a district court to enlarge the time for service *"even if there is no good cause shown."'* Although this observation was not a holding by the Supreme Court, we regard the Court's statement as persuasive as to the meaning of Rule 4(m)." (internal citation omitted)). This court notes that even if the Plaintiffs had not demonstrated good cause for their delay, the court would exercise its discretion to extend time to effectuate service, because the Plaintiffs are *pro se* and have been diligent in attempting service of process. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time.*" (emphasis added)).

The Plaintiffs have acted in good faith and exercised due diligence in attempting service on the Defendants. Therefore, good cause is shown to grant Plaintiffs' motion to extend time,[2] motion to amend summonses and add defendants,[3] and motion to use alternative method of service.[4]

---

[2] Rule 4(m) commands that if a party shows good cause for failing to serve within 90 days after the complaint is filed, then the "court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Nevertheless, the court notes that the Fourth Circuit sometimes requires a party to show excusable neglect under Rule 6(b) for an extension of time in addition to good cause under Rule 4(m). *See Clark v. E.I. Dupont de Nemours & Co.*, 86 F.3d 1149, 1996 WL 283321, at *1 (4th Cir. May 30, 1996), *but see Collins v. Thornton*, 782 F. App'x 264, 266 (4th Cir. 2019) ("A plaintiff may escape dismissal for failure to timely serve process if she demonstrates 'good cause' for the delay or if the district court exercises its discretion to extend the time for service."). "Neglect" encompasses "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," and "excusable" is "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (internal citations omitted). For the reasons stated in this order, especially the *pro se* Plaintiffs' good faith and reasonable diligence, the court finds excusable neglect for Plaintiffs' failure to properly serve within 90 days.

[3] The Defendants argue that under Rule 15 of the Federal Rules of Civil Procedure the Plaintiffs should not be allowed to amend their Complaint to add new parties because the Plaintiffs allege no facts stating claims against new parties. [DE 93]. The court agrees with the Defendants. However, the court construes Plaintiffs' *pro se* filing as a motion to amend the summonses to add officers, directors, or agents for the corporate defendants. Plaintiffs' motion to amend summonses and add new Defendants only once references Rule 15, (on page 3 of the filing at Docket Entry 82), in a list of references to the rules of civil procedure that permit amendments to summons and service. It appears the Plaintiffs want to add two parties to their proposed summonses—Martin J. Fein, owner of Martin Fein Interest Ltd., and Martin L. Flanagan, CFA, President and CEO of Invesco—as officers or agents of their respective corporations to remedy the defects in their summonses. The Plaintiffs are permitted to do so but they are not permitted to amend their Complaint without first moving under and satisfying the requirements of Rule 15.

[4] The Plaintiffs' Petition to Use Alternative Method for Summons/Complaint Service in Support seeks to serve the Defendants who reside in Texas under the Texas Rules of Civil Procedure. Plaintiffs must serve pursuant to Rule 4 of the Federal Rules of Civil Procedure, which allows service to follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(10), (h)(1)(A). Thus, Plaintiffs may serve Defendants under the Texas Rules of Civil Procedure if service is made in Texas.

## IV. Conclusion

Plaintiffs' motion to extend time to serve summonses [DE 81] and motion to amend summonses and add defendants [DE 82] are GRANTED. Plaintiffs' motion to use alternative method of service [DE 97] is GRANTED. The court will grant Plaintiffs an additional thirty (30) days to accomplish service of process on Defendants. Plaintiffs are directed to serve process in accordance with Rule 4 of the Federal Rules of Civil Procedure. Defendants' motions to dismiss [DE 22, DE 26, DE 63, DE 64, DE 66, DE 67, DE 68, DE 71, DE 84] are DENIED AS MOOT.

SO ORDERED this 19th day of May, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE