

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL DIVISION

|  |  |
|---|---|
| Raymond Earl May Jr. et. al.<br>Angela Dolores May<br>Plaintiffs, | File No. 5:21-CV-00083-M<br>Demand for Jury Trial-Yes<br>Pro Se |
| V. |  |
| Creekside at Crabtree d/b/a et. al<br>Creekside at Crabtree Apartments<br>Defendants, | Withdraw Proof of Service<br>Exscuable Neglect |

On June 17, 2022 Angela Dolores May and Raymond Earl May Jr, (hereafter known as Defendants), submitted Proof of Service documents to the United States of America Clerk of Court 10th District Eastern District Western Division Raleigh NC. The Proof of Service were for President Lili Dunn, Bell Partners Inc, Mike Loveless Invesco Inc., William Hubbard, Karry Allen, Meaghan Dawes, and Martin Flanagan. The complaint and summons were sent to the Plaintiffs following the Federal Texas Civil Rules of Procedures 106-108. Method of Service. Heather and Gabby Paige faxed and completed the Proof of Service on June 17, 2022. (Exhibit # 1,2,3,4,6)

> 2. Pursuant F.R.C.P. Rule 7(3) Validity of Service; Amending Proof Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

The Defendants are in possession of their summons and complaint. and verified that Attorney Whitlow and Capitano clients have received the complaint and summons previously.

The second set that was served by the US Marshalls had to be served correctly. This is their job. Stating that the summons was not served properly is not a valid reason for them. The Defendants are not aware of the Marshall summons service. They could have faxed the summons to the US Marshall's Texas Region and had a local Marshall from Texas personally serve or serve under Texas F.R.C.P. Method of Service-Alternative Rule 106-108 Requesting the Court to Amend summons if necessary.

> Rule 7. Pleading Allowed; Form of Motions and other Papers.
>
> (1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.
> (2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:
>
> (A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or
>
> (B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.
>
> (3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

On July 18, 2022 I was informed by Mrs. Heather Paige that the complaints and summons that were faxed did not transmit. A check of the confirmation sheet display in the far right 1-55 NOT SENT. This was

2

the Defendants first time finding out.

On June 11, 2022 Defendants Raymond Earl May Jr was admitted to WakeMed Cardiac Center for congestive heart failure and related severe symptoms. At the same time Alexis Lucas, step daughter, was experiencing exacerbation due to relapsing Multiple Sclerosis with an altered mental state and mobility issues. Defendant Angela Dolores May spent the majority of her time taking care of Alexis. While I laid up in the hospital

Weeks before being admitted Defendant Raymond Earl May Jr. experienced the symptoms of congestive heart failure. Extreme fatigue, shortness of breath, confusion, lack of focus and alternateness and others symptons.

On 6/18/2022 while at home trying to put together a recliner. Defendant Raymond Earl May Jr. passed out of fell asleep on the kitchen floor. I got up and ended up driving myself to the Wake Med Cardiac Center. Being disabled only added to the issue. I am still recuperating and adjusting to the medication which caused acute kidney problems. Decisions that were made concerning Summons service was done from Wake Medical Hospital bed while heavily medicated. I was delirious, and unable to concentrate. I could not walk from the hospital bed to the bathroom,which was insede the my hospital bedroom, with out feeling like I was going to have a heart attack. At least three to 4 days I was unable to get out of bed.

With two heart procedures, medications, the constant hourly checks, drawing blood throughout each night and day. Therefore, it was not the best decision made concerning the importance of submitting proof of

3

service. (Exhibit 7)

Prior to this the Defendants were trying to beat deadlines for Wake County Courts, NC Court of Appeals and Federal Civil Court. And now July 18, 2022 Wake County Courts for the same case that is in NC Court of Appeals. This case is schedule for July 28, 2022. This is the same case that have been docketed by the NC Court of Appeals. Attorney Whitlow is waiting om NC Courts of Appeals to see what they dicide. (Exhibit 8,9) This case is schedule in Wake County Court. Attorney Whitlow file an appeal to dismiss the case in Wake County Court and N.C. Court of Appeals. Judges in Wake County Courts. The discrimination, due process, rights to a equal and fair trial do not exist when it comes down to the Defendants.

The Defendants did not and purposely submit fraudulent Proof of Service to the Clerk of Court. We were advised that the complaint and summons were sent. The Defendants had no reason to doubt that the complaint and summons were sent. The decision to allow Heather and Gabby Paige were decided from my hospital bed under several medication and suffering from the effect of congestive heart failure. The Defendants were only waiting for a response and answer to the complaint not knowing that the the summons and complaint have been served. We are askingte Courts to allow that this case is decided on its merit instead of a technicality for justice.

> "In the state and federal court systems, including bankruptcy courts, failure to follow deadlines may arise in the context of filing claims, appeals, and a host of other pleadings and responses. Because courts prefer to hear matters on their merits, defaults are abhorred and normally,

4

procedural deficiencies are secondary to decisions on the merits. *See Rodriguez v. Village Green Realty, Inc.*, 788 F.3d 31, 47 (2d Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (N.D.N.Y. 2004) ("Because of the preference to have issues and claims decided on their merits, rather than on the basis of a procedural shortcoming," exclusion of otherwise relevant evidence on technical grounds is generally not favore...")).

Plaintiffs continue to violate the Defendants Constitutional and Civil Rights by using the Wake County Court System as late as 7-28-2022. Judge M. Giles allowed Whitlow and his client to present documents knowing that they were not factual or true. Attorney WhitlowClients were allowed to testify using fraudulent documents knowingthat they were not factual.. Defendant went from stating that were 4640.00$ in arrears to 21,000.00$. This is the first time since 9-9-2020 that the Manager admitted that a September 3, 2020-2021 lease existed. She looked though every page and when asked was that a Creekside at Crabtree lease she stated "Yes." They only use the May, 6, 2019-2020 lease. Crimes have been uncovered. Obstruction of Justice, Perjury, Obtaining Summary Judgement and Ejections using false information, and abuse of power.

"Abuse of process refers to the improper use of a civil or criminal legal procedure for an unintended, malicious, or perverse reason. **It is the malicious and deliberate misuse of regularly issued civil or criminal court process that is not justified by the underlying legal action**.

Abuse of process includes litigation actions in bad faith that is meant to delay the delivery of justice. Examples include serving legal papers on someone which have not

actually been filed with the intent to intimidate, or filing a lawsuit without a genuine legal basis in order to obtain information, force payment through fear of legal entanglement or gain an unfair or illegal advantage. **The determination of what in unfair and wrong is for the court to determine on the individual facts of each case."**

A grievance complaint has been filed with the NC State Bar Association against Attorney Whitlow, Bryan Sulentic, Dara Hana, Sarah O'Connor's and Sarah Reddy. All part of the same firm. They continue to retaliate against us and violating our rights by using and circumventing the Wake County Court System under the color of law. Civil Right Violation 42-U.S.C. 1983 Civil Action for Deprivation of Civil Rights.

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

(R.S. § 1979; Pub. L. 96 HYPERLINK "https://www.law.cornell.edu/rio/citation/Pub. L. 96-170"– HYPERLINK "https://www.law.cornell.edu/rio/citation/Pub. L. 96-170"170, § 1, Dec. 29, 1979, 93 Stat.

6

service. (Exhibit 7)

Prior to this the Defendants were trying to beat deadlines for Wake County Courts, NC Court of Appeals and Federal Civil Court. And now July 18, 2022 Wake County Courts for the same case that is in NC Court of Appeals. This case is schedule for July 28, 2022. This is the same case that have been docketed by the NC Court of Appeals. Attorney Whitlow is waiting om NC Courts of Appeals to see what they dicide. (Exhibit 8,9) This case is schedule in Wake County Court. Attorney Whitlow file an appeal to dismiss the case in Wake County Court and N.C. Court of Appeals. Judges in Wake County Courts. The discrimination, due process, rights to a equal and fair trial do not exist when it comes down to the Defendants.

The Defendants did not and purposely submit fraudulent Proof of Service to the Clerk of Court. We were advised that the complaint and summons were sent. The Defendants had no reason to doubt that the complaint and summons were sent. The decision to allow Heather and Gabby Paige were decided from my hospital bed under several medication and suffering from the effect of congestive heart failure. The Defendants were only waiting for a response and answer to the complaint not knowing that the the summons and complaint have been served. We are askingte Courts to allow that this case is decided on its merit instead of a technicality for justice.

> "In the state and federal court systems, including bankruptcy courts, failure to follow deadlines may arise in the context of filing claims, appeals, and a host of other pleadings and responses. Because courts prefer to hear matters on their merits, defaults are abhorred and normally,

7

procedural deficiencies are secondary to decisions on the merits. *See Rodriguez v. Village Green Realty, Inc.*, 788 F.3d 31, 47 (2d Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (N.D.N.Y. 2004) ("Because of the preference to have issues and claims decided on their merits, rather than on the basis of a procedural shortcoming," exclusion of otherwise relevant evidence on technical grounds is generally not favore...")).

Plaintiffs continue to violate the Defendants Constitutional and Civil Rights by using the Wake County Court System as late as 7-28-2022. Judge M. Giles allowed Whitlow and his client to present documents knowing that they were not factual or true. Attorney WhitlowClients were allowed to testify using fraudulent documents knowingthat they were not factual.. Defendant went from stating that were 4640.00$ in arrears to 21,000.00$. This is the first time since 9-9-2020 that the Manager admitted that a September 3, 2020-2021 lease existed. She looked though every page and when asked was that a Creekside at Crabtree lease she stated "Yes." They only use the May, 6, 2019-2020 lease. Crimes have been uncovered. Obstruction of Justice, Perjury, Obtaining Summary Judgement and Ejections using false information, and abuse of power.

"Abuse of process refers to the improper use of a civil or criminal legal procedure for an unintended, malicious, or perverse reason. **It is the malicious and deliberate misuse of regularly issued civil or criminal court process that is not justified by the underlying legal action**.

Abuse of process includes litigation actions in bad faith that is meant to delay the delivery of justice. Examples include serving legal papers on someone which have not

actually been filed with the intent to intimidate, or filing a lawsuit without a genuine legal basis in order to obtain information, force payment through fear of legal entanglement or gain an unfair or illegal advantage. **The determination of what in unfair and wrong is for the court to determine on the individual facts of each case."**

A grievance complaint has been filed with the NC State Bar Association against Attorney Whitlow, Bryan Sulentic, Dara Hana, Sarah O'Connor's and Sarah Reddy. All part of the same firm. They continue to retaliate against us and violating our rights by using and circumventing the Wake County Court System under the color of law. Civil Right Violation 42-U.S.C. 1983 Civil Action for Deprivation of Civil Rights.

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

(R.S. § 1979; Pub. L. 96 HYPERLINK "https://www.law.cornell.edu/rio/citation/Pub. L. 96-170"– HYPERLINK "https://www.law.cornell.edu/rio/citation/Pub. L. 96-170"170, § 1, Dec. 29, 1979, 93 Stat.

93 Stat. 1284; Pub. L. 104 HYPERLINK "https://www.law.cornell.edu/rio/citation/Pub. L. 104-317"– HYPERLINK "https://www.law.cornell.edu/rio/citation/Pub. L. 104-317"317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.)

Decision made during this time were made under duress, while heavily medicated or suffering from symptoms from medical issues. Due to a severe medical issues and side effects of the medication the Defendants were not able to properly determine if the confirmation of service was completed.

The submission of the defective Proof of Service was not deliberate or intentional.

The Defendants informed Ms. Waddell, Court Administrator, of the of the submission.

> "Excusable neglect is a term associated with proceedings,notablyin bankruptcy cases,t hatincludes inadvertence, mistake, carelessness, or any intervening circumstances beyond a party's control. A court has the direction to allow a party to file a motion after the deadline if it finds excusable neglect. It is worth noting that the litigant and his or her attorney's conduct are considered as joint when deciding whether the neglect was excusable. In other words, clients are held accountable for acts and omissions of their attorneys.
>
> "In determining whether the neglect is excusable, courts take a flexible approach and consider all relevant circumstances. For example, clerical errors, like a misreading of the filing date, have been considered excusable. However, courts also particularly look to (1) the danger of prejudice to the

10

> nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. The Supreme Court has held that indifference for the motion's deadlines are inexcusable.
>
> Federal Courts also allow parties to amend their pleadings (Rule 13(f)) or allow courts to revisit their judgements (Rule 60(b)(1)) should excusable neglect be found. Under Rule 60(b)(1), a federal court may set aside a default judgement if it resulted from excusable neglect by considering (1) whether the party's default was willful; (2) whether setting the judgement aside would prejudice the opposing party; and (3) whether a meritorious defense is presented."

Therefore, the Defendants are asking the Court

1. To void the Proof of Service that were submitted via fax for President CEO/ BellParrners Inc. Lili Dunn, Martin Flanagan/ Invesco, Mike Loveless/Invesco, Meaghan Dawes, William Hubbard, and Karry Allen.

2. We are asking the Court to be allowed to serve and submit complaint and summons properly following Federal Texas Rule of Civil Process 106-108. Bell Partners Inc., utilyzing Texas Rules of Civil Procedure Summons. Bell Partners Inc is employed by Martin Fein Interest Ltd. located in Hoston Texas. Can beserved through Marrtin Fein Interst or Invesco. Both businesses are located in Texas.

2. If necessary to refile this case so that justice can beserved appropriately.

3. Not to dismiss the case with prejudice.

11

4.To allow the previous summons that were served in Texas follow the Texas Rules of Civil Service Method of Service 106-108 and. Placing the complaint and summons. Plaintiffs already have copies of the complaint and summon from previous attempt.

5.To have the US Marshall to correctly serve the complaints and summons according to procedure in North Carolina and Texas under Rule 106, 107 and 108.

6.This will not prejudice the Plaintiffs.

7.Or whatever the Courts deemed proper.

---

Respectfully submitted July 24, 2022

Raymond Earl May    *(signature)* 7/24/2022

Angela Dolores May    *(signature)* 7/24/2022

Raymond Earl May Jr. *(signature)*

Angela Dolores May *(signature)*

4700 Riverwood Circle, Raleigh NC

27612 #  459.

raymayjr@yahoo.com

angeladmay415@gmail.com.

910-228-4539, 910-228-4947

Brownlee Whitlow & Praet, LLC

NCSB # 288665

By: Todd Whitlow

1204 Village Market Place  # 295

Morrisville, N.C. 27560

(919)-863-4315

N.C. State Bar No. 28865

twhitlow@bwpf-law.com

OFFIT KURMAN

301 S. College Street # 2600

Charlotte NC 28202

jack.capitano@offitkurman.com

704-716-0834

13

# CERTIFICATE OF SERVICE

This is to certify that the undersign on this date, July 25th , 2022  served a copy of the foregoing Withdwaw Proof of Service Exscyasable Neglect upon the Plaintiff by  US Postal  Service, depository under the exclusive care and custody of the US Postal Service package and mail delivery service, properly addressed to the attorney or attorneys for said parties or the parties as follows.

Brownlee Whitlow & Praet, LLC

NCSB # 288665

By: Todd Whitlow

1204 Village Market Place  # 295

Morrisville, N.C. 27560

(919)-863-4315

N.C. State Bar No. 28865

twhitlow@bwpf-law.com

---

This the 24th  day of July 2022

Raymond Earl May Jr.

Angela Dolores May

4700 Riverwood Circle,

Raleigh NC 27612 #459

910-228-4539,910-228-4947

raymayjr@yahoo.com

angeladmay0415@gmail.com

14