IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-83-M

RAYMOND EARL MAY, JR. and )
ANGELA DOLORES MAY, )
                                        )
            Plaintiffs,                 )
                                        )        MEMORANDUM AND
      v.                                )        RECOMMENDATION
                                        )
MARTIN FEIN INTEREST LTD., *et al.*,    )
                                        )
            Defendants.                 )

This matter comes before the court on a referral for memorandum and recommendation on

Plaintiffs' motion to withdraw proof of service, [DE-103]; Defendants Martin Fein Interest Ltd.

("Martin Fein"), Brenda Hubbard, Katie Nelson, Trevor Stroud, and Desseraye Perry's

(collectively, the "Martin Fein Defendants") motion to dismiss, [DE-104]; Defendants Bell

Partners, Inc., Invesco Ltd., William Hubbard, Karry Allen, and Meaghan Dawes's (collectively,

the "Bell Partners Defendants") motion to dismiss, [DE-107]; Plaintiffs' motion to redline

complaint, [DE-109]; and Plaintiffs' motion to dismiss without prejudice, [DE-110, -112].

Plaintiffs filed a response in opposition to the Martin Fein Defendants' motion to dismiss, [DE-

111], and filed supplemental proof of service documents, [DE-114]. Defendants did not respond

to Plaintiffs' motions, and the time to do so has expired. For the reasons that follow, it is

recommended that Plaintiffs' motion to withdraw proof of service, [DE-103], be allowed; the

Martin Fein Defendants' motion to dismiss, [DE-104], be denied; the Bell Partners Defendants'

motion to dismiss, [DE-107], be allowed in part; Plaintiffs' motion to redline complaint, [DE-109],

be allowed; and Plaintiffs' motion to dismiss without prejudice, [DE-110, -112], be allowed.

## I. Procedural Background

On February 19, 2021, Plaintiffs filed a motion for leave to proceed *in forma pauperis*, [DE-1], along with a proposed complaint, [DE-1-1], proposed summonses, [DE-1-7], and other documents. The court directed Plaintiffs to correct several deficiencies, including to provide proposed summonses for all of the necessary parties for service and to provide sufficient address information for service on Defendant Katie Nelson. [DE-6]. Plaintiffs timely responded by filing additional summonses. [DE-8]. On June 16, 2021, the undersigned allowed Plaintiffs' applications to proceed *in forma pauperis* and recommended that certain claims be dismissed and others be allowed to proceed. [DE-12]. On August 2, 2021, the court adopted the recommendation. [DE-16]. The Clerk then issued the summonses prepared by Plaintiffs and directed Plaintiffs to serve them in accordance with Fed. R. Civ. P. 4. [DE-17].

On September 1 and 3, 2021, the Bell Partners Defendants and the Martin Fein Defendants, respectively, filed motions to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process. [DE-22, -26]. In addition to filing formal responses to the motions to dismiss, [DE-46, -47], Plaintiffs also filed affidavits of service for Dawes, Martin Fein, Allen, Invesco, Stroud, Nelson, Perry, Hubbard, and Bell Partners, [DE-34 through -42], and filed motions seeking additional time to serve Defendants, for permission to amend the summonses to correct deficiencies, and for assistance from the U.S. Marshal to effect service, [DE-43 through -45]. The court extended the service deadline to December 15, 2021, and allowed Plaintiffs' motions to amend the summonses and for the U.S. Marshal to serve Defendants, pursuant to Fed. R. Civ. P. 4(c)(3). [DE-50]. Defendants were also directed to notify the court if they would authorize counsel to accept service or waive service, and Defendants declined. [DE-51, -53].

2

On December 22, 2021, Defendants Invesco Ltd. and Bell Partners filed second motions to dismiss, which were followed a week later by amended motions to dismiss, [DE-63, -64, -66, -67], and Defendants Katie Nelson, William Hubbard, and Trevor Stroud also filed second motions to dismiss, [DE-68, -71, -84]. Plaintiffs again sought additional time to serve Defendants and to amend the summonses, and they also petitioned the court to use an alternative method of service under the Texas Rules of Civil Procedure. [DE-82, -97]. On May 19, 2022, the court allowed Plaintiffs an additional thirty days to serve Defendants, and affirmed that Plaintiffs could serve Defendants under the Texas Rules of Civil Procedure if service was made in Texas. [DE-99].

On June 17, 2022, Plaintiffs filed proof of service forms as to Karry Allen, Meagan Dawes, Brenda Hubbard, William Hubbard, President Martin Fein, Desseraye Perry, Trevor Stroud, President and C.E.O. Lili Dunn, and Senior Vice President Mike Loveless. [DE-100]. On July 26, 2022, Plaintiffs filed a motion to withdraw the proof of service forms, to be allowed to properly serve Defendants, to have the U.S. Marshal effect service on Defendants, and to not dismiss the case with prejudice and allow it to be refiled if necessary. [DE-103].

On July 29 and August 4, 2022, the Martin Fein Defendants and the Bell Partners Defendants, respectively, filed motions to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5), for insufficient process, service, and lack of personal jurisdiction. [DE-104, -107]. Plaintiffs responded in opposition to the Martin Fein Defendants' motion, [DE-111], and moved to dismiss the Bell Partners Defendants without prejudice, [DE-112]. Finally, in response to the court's order, [DE-113], on January 13, 2023, Plaintiffs' filed proof of service documents for all the Martin Fein Defendants with the exception of Katie Nelson. [DE-114].

3

## II.    Standard of Review

Pursuant to Rule 12(b)(2), a court must dismiss a party over which it lacks personal jurisdiction, and the party asserting personal jurisdiction has the burden of proving jurisdiction by a preponderance of the evidence. *Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Where, as here, a court addresses the question of jurisdiction based only on the allegations in the complaint and the motions and supporting memoranda, without an evidentiary hearing, the burden is on the plaintiff to make a *prima facie* showing of jurisdiction. *Id.* In determining whether the plaintiff has proven a *prima facie* case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.*

A motion under Rule 12(b)(4) challenges the sufficiency of process, while a Rule 12(b)(5) motion challenges the sufficiency of service of process. Fed. R. Civ. P. 12(b)(4), (5). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Henderson v. Rosen*, No. 5:13-CV-635-FL, 2013 WL 6097534, at *3 (E.D.N.C. Nov. 20, 2013) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)), *aff'd sub nom. Henderson v. Town of Hope Mills*, 594 F. App'x 195 (4th Cir. 2015). "Nevertheless, 'the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" *Id.* (quoting *Armco*, 733 F.2d at 1089). "The plaintiff bears the burden of establishing that process has been properly served." *Id.* (citing *McDaniel v. Greyhound Lines, Inc.*, No. 3:08-CV-130-FDW, 2008 WL 2704774, at *4 (W.D.N.C. July 7, 2008); *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). "Inasmuch as the sufficiency of process and service of process

4

concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate." *Davis v. Matroo*, No. 5:13-CV-00233-BO, 2013 WL 5309662, at *2 (E.D.N.C. Sept. 19, 2013) (citing *Dimet Proprietary, Ltd. v. Indus. Metal Protectives*, 109 F. Supp. 472, 475 (D. Del. 1952)).

## III. Discussion

### 1. Plaintiffs' Motion to Withdraw Proof of Service [DE-103]

On June 17, 2022, Plaintiffs filed proof of service forms as to Karry Allen, Meagan Dawes, Brenda Hubbard, William Hubbard, President Martin Fein, Desseraye Perry, Trevor Stroud, President and C.E.O. Lili Dunn, and Senior Vice President Mike Loveless. [DE-100]. On July 26, 2022, Plaintiffs filed a motion to withdraw the proof of service forms, to be allowed to properly serve Defendants, to have the U.S. Marshal effect service on Defendants, and to not dismiss the case with prejudice and allow it to be refiled if necessary. [DE-103]. With respect to the request to withdraw the proof of service forms, Plaintiffs assert that they were informed on July 18, 2022 that the complaints and summonses that were faxed did not transmit. *Id.* at 2. Plaintiffs promptly filed the motion to withdraw the proof of service forms, and Defendants have not responded to the motion. Accordingly, it is recommended that the motion be allowed with respect to the request to withdraw the proof of service forms, and the other requested relief will be addressed in the context of Defendants' motions to dismiss.

### 2. Bell Partners Defendants' Motion to Dismiss [DE-107]

The Bell Partners Defendants contend that the court lacks personal jurisdiction over them because there was insufficient process under Rule 12(b)(4) and there was insufficient service of process under Rule 12(b)(5), Defs.' Mem. [DE-107-1] at 3–8, and they ask the court to dismiss Plaintiffs' complaint against them with prejudice, Defs.' Mot. [DE-107] at 2. Plaintiffs

5

subsequently filed a motion to dismiss the Bell Partners Defendants[1] without prejudice. Pls.' Mot. [DE-110, -112]. The parties agree that dismissal of these Defendants is appropriate but disagree as to whether they should be dismissed with or without prejudice.

"[D]ismissals pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5) are generally without prejudice so that a plaintiff can cure the defects in process and service of process." *Wesley v. Charlotte-Mecklenburg Cnty. Police Dep't*, No. 3:19-CV-00425-FDW-DCK, 2021 WL 1971499, at *8 (W.D.N.C. May 17, 2021) (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 at 345-46 (3d ed. 2008) (because dismissal on Rule 12(b)(5) for improper service of process is not on the merits, it would be error to dismiss with prejudice); *Riley v. Nationscredit Fin. Servs. Corp.*, No. 2:08-CV-132-MHT, 2008 WL 3992743, at *1 (M.D. Ala. Aug. 26, 2008); *Goldthread v. Davison*, No. 3:06-cv-0805, 2007 WL 2471803 (M.D. Tenn. Aug. 29, 2007) (dismissal without prejudice is appropriate under Rule 12(b)(4)); *Johnson v. Meachum*, 839 F. Supp. 953 (D. Conn. 1993) (same)). Accordingly, where the parties agree that dismissal of the Bell Partners Defendants is appropriate, it is recommended that Plaintiffs' motion to dismiss be allowed, the Bell Partners Defendants' motion be allowed in part, and Defendants Bell Partners, Inc., Invesco Ltd., William Hubbard, Karry Allen, and Meaghan Dawes be dismissed from this action without prejudice.

### 3. Martin Fein Defendants' Motion to Dismiss [DE-104]

The Martin Fein Defendants contend that the court lacks personal jurisdiction over them because there was insufficient process under Rule 12(b)(4) and there was insufficient service of

---

[1] Plaintiffs' motion also seeks to dismiss Lili Dunn, Martin Flanagan, and Larry Loveless, but these individuals have never been added as defendants in this case. The court did allow Plaintiffs to amend the summonses to add corporate officers, directors, or agents for the corporate defendants; however, the court expressly declined to allow Plaintiffs to amend their complaint without first moving under and satisfying the requirements of Rule 15. *See* May 19, 2022 Order [DE-99] at 17 n.3.

6

process pursuant to Rule 12(b)(5), Defs.' Mem. [DE-105] at 3–8, and they ask the court to dismiss Plaintiffs' complaint against them with prejudice, Defs.' Mot. [DE-104] at 2. Plaintiffs contend that service on all the Martin Fein Defendants was proper under the Texas Rules of Civil Procedure, Rule 106 (b)(1) and (b)(2), with the exception of Katie Nelson who they admit was not served. Pls.' Resp. [DE-111] at 1–6. Plaintiffs stated in their response that they were told by the Clerk of Court that proof of service documents were not needed and were handed back those documents. *Id.* at 4. The undersigned directed Plaintiffs to file any proof of service documents, [DE-113], and Plaintiffs provided a supplemental filing with proof of service documentation, [DE-114]. As noted above, Plaintiffs in their motion to withdraw proof of service, requested to be allowed to properly serve Defendants, to have the U.S. Marshal effect service on Defendants, and to not dismiss the case with prejudice and allow it to be refiled if necessary. [DE-103].

### a. *Sufficiency of the Summonses*

The Martin Fein Defendants contend the summonses do not comply with Fed. R. Civ. P. 4(a) because they do not include the email address where Plaintiffs claim they served these Defendants and because Perry's first name is spelled incorrectly. Defs.' Mem. [DE-105] at 3–4. Neither argument provides grounds for dismissal.

Rule 4(a)(1) provides that a summons must:

> (A) name the court and the parties;
> (B) be directed to the defendant;
> (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
> (D) state the time within which the defendant must appear and defend;
> (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
> (F) be signed by the clerk; and
> (G) bear the court's seal.

7

Defendants first take issue with the fact that the address for each Defendant listed on the summons is a physical address and does not include the email address where Plaintiffs claim to have actually served Defendants. Defs.' Mem. [DE-105] at 4. However, a defendant's address is not listed among the requirements of Rule 4(a)(1), and Defendants have cited no authority to support dismissal on this ground. *See Gryphon Oilfield Sols., LLC v. Stage Completions (USA) Corp.*, No. CV H-17-3220, 2018 WL 7117891, at *1 (S.D. Tex. Feb. 2, 2018) (noting that the defendant moved to dismiss pursuant to Rule 12(b)(4) for insufficient process on the basis that the summons listed an incorrect address for service, but "Rule 4(a)(1) lists the required contents of the summons, and the defendant's address is not a listed requirement."); *Patch Rubber Co. v. Schmersey*, No. 4:05-CV-81-H2, 2005 WL 8159161, at *1 (E.D.N.C. Nov. 30, 2005) (denying motion to dismiss under Rule 12(b)(4) where the summons issued by plaintiff had an address at which defendant no longer lived but defendant did not suggest she was prejudiced by use of the incorrect address and cited no legal authority to support dismissal).

Defendants next take issue with the misspelling of Perry's first name on the summons. Defs.' Mem. [DE-105] at 4. The summons is addressed to "Desserraye Perry," [DE-114] at 1, rather than "Desseraye Perry." Defs.' Mem. [DE-105] at 4. The Fourth Circuit has rejected immaterial misnomers in a summons as a basis for dismissal:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. . . . As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.

*Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) (citations omitted)). It could not

reasonably be argued that this minor misspelling would confuse Desseraye Perry such that she would not understand that she is the individual being sued.

The Martin Fein Defendants have identified no errors in the summonses that would prejudice them or justify dismissal of this action. Accordingly, it is recommended that their motion to dismiss for failure of process under Rule 12(b)(4) be denied.

  b. *Sufficiency of Service*

Defendants Martin Fein, Hubbard, Perry, Nelson and Stroud contend that Plaintiffs did not properly serve them under Federal Rule 4(e)(1) and Texas Rule 106(b). Defs.' Mem. [DE-105] at 4–8.

> Under the Federal Rules, an individual may be served by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>  (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). A domestic corporation may be served:

> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1).

9

Texas Rule 106 governs method of service and provides as follows:

(a) Unless the citation or court order otherwise directs, the citation must be served by:

(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
(2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

(1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
(2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Martin Fein, Hubbard, Perry, and Stroud argue that Plaintiffs' purported service of them by email to contact@mfein.com does not comply with the plain language of Texas Rule 106(b) requiring a motion supported by a statement-sworn to before a notary or made under penalty of perjury, listing any location where the defendant can probably be found, and stating specific facts showing that service was attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful. Defs.' Mot. [DE-105] at 6–7.

The Plaintiffs previously requested to serve Defendants who reside in Texas under Texas Rule of Civil Procedure 106 by email or social network. [DE-97]. In the motion, Plaintiffs stated that Defendants and their counsel are avoiding service, all Defendants are or have been employed by Martin Fein Interest Ltd., 1400 Post Oak Plaza, #500, Houston Texas 77056 or are contracted with Invesco Ltd, 11 Greenway Plaza Suite 1000, Houston, Texas 77046, Defendants were served

10

or service was attempted using FedEx, and the U.S. Marshals Service also attempted service. *Id.*

at 1–2. Plaintiffs also included the following information relevant to each Defendant:

> Martin Fein Inter[e]st Ltd. [item 35]is located at 1400 Post Oak Plaza# 500 Houston Tx. 77056. The summons and complaint can be served on Martin Fein Interest legal Department, Human Resources, Facebook, business email. [Item 57], unexecuted 12/23/21, [Item 37] 8/06/21 Summons and complaint can be served through this location. Offit Kurman 301 South 2600, P.A. John H. Capitano State Bar # 21965,301 South College Street, Suite 2600 Charlotte NC 28202-6006. Martin Fein Inter[e]st Ltd. is on the 5th floor of a multi story building. An Office man[a]ger is authorized to sign for certified mail for Martin Fein Interest Ltd. This is not a mailroom.

> Brenda Hubbard [item 41]1400 Post Oak Plaza# 500 Houston Tx. 77056. Martin Fein Interest Ltd. is Brenda Hubbard's employer. She is a Regional Manager and has an office at Martin Fein Interest Ltd. Martin Fein Interest Ltd. is on the 5th floor. An Office Manager has authorization to sign and accept certified mail. This is not a mailroom or general receptionist. They are using the same law firm 301 South OFFFIT KURMAN, P.A. John H. Capitano State Bar # 21965,301 South College Street, Suite 2600 Charlotte NC 28202-6006. Summons and complaint service can be served by Facebook, Twitter, email, business email, Human resource.

> Trevor Stroud [item 38] is still employed by Martin Fein Interest Ltd. but works at Martin Fein's Springfield Tx apartments. 1400 Post Oak Plaza# 500 Houston Tx. 77056 OFFFIT KURMAN, P.A. John H. Capitano State Bar # 21965, 301 South College Street, Suite 2600 Charlotte NC 28202-600 Summons and complaint service can be served by Facebook, Twitter, email, business email, Human resource.

> Desserraye Perry [item 40]has not been served. The residence refused service by the United Sta[t]es Postal Se[r]vice / US Marshall Service and FedEx. Martin Fein Interest Ltd. 1400 Post Oak Plaza# 500 Houston Tx. 77056. OFFIT KURMAN, P.A. John H. Capitano State Bar # 21965, 301 South College Street, Suite 2600 Charlotte NC 28202-6006.

*Id.* at 3–5.

Plaintiffs did not comply with Texas Rule 106. Plaintiffs' motion did not contain a sworn

statement and was not made under penalty of perjury, did not state specific facts showing that

11

service was attempted under Texas Rule (a)(1) or (a)(2) at the location named,[2] did not explain how the email would be reasonably effective to give Defendants notice, and it appears some pages are missing from the motion. *See Orange Beacon Mktg., LLC v. Outstanding Real Est. Sols., Inc.*, No. SA-22-CV-00570-FB, 2022 WL 16841597, at *2 (W.D. Tex. Nov. 9, 2022) ("[I]f a plaintiff's attempts to serve a defendant in person are unsuccessful, a court may authorize substitute service upon receipt of an affidavit satisfying Rule 106(b).") (citing *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993)). The court addressed Plaintiffs' motion in a footnote, acknowledging that Federal Rule 4(e) and (h) allow service to follow state law, and stated that "Plaintiffs may serve Defendants under the Texas Rules of Civil Procedure if service is made in Texas." May 19, 2022 Order [DE-99] at 17 n.4. The court did not specifically address the requirements of Texas Rule 106, and it is not apparent that the court was authorizing email service under that rule; rather, it seems the court was simply recognizing Plaintiffs' right to proceed under Texas law.

Additionally, the proof of service documents filed by Plaintiffs are insufficient to demonstrate the Defendants were served. With respect to Perry, Plaintiffs indicate she is a former employee of Martin Fein, [DE-114] at 6, and therefore, she would not be properly served through a Martin Fein corporate email. With respect to Stroud, Plaintiffs listed his work address and residence at Springs Apartments, and they assert this was verified by calling the location, [DE-114] at 12, making service appropriate at the Springs Apartments address rather than by email. *Id.* at 5. None of the copies of the emails through which Plaintiffs attempted to serve the summonses is addressed to an individual Defendant, [DE-114] at 3, 18, 32, 46, 47, and the undersigned lacks

---

[2] The process receipts filed by the U.S. Marshals Service indicate they attempted to serve Martin Fein Interest Ltd. at "Post Oak Blvd, #500" but it was returned, and that address varies from the one in Plaintiffs' motion, and the addresses at which service was attempted on the other Defendants is not 1400 Post Oak Plaza # 500. [DE-57, -59, -60, -74, -83].

confidence that service was made on any Martin Fein Defendant. Finally, with respect to Nelson, Plaintiffs did not file proof of service, [DE-114], and they admit she was not served, Pls.' Resp. [DE-111] at 4. Accordingly, the undersigned concludes that Martin Fein, Hubbard, Perry, Stroud and Nelson have not been properly served.

Defendants seek dismissal with prejudice due to failure of service, Defs.' Mot. [DE-104] at 2, and Plaintiffs request that the court not dismiss the action but allow them to properly serve Defendants, to have the U.S. Marshal affect service on Defendants, and to not dismiss the case with prejudice and allow it to be refiled if necessary, [DE-103].

Under Fed. R. Civ. P. 4(m) a defendant must be served within 90 days after the complaint is filed. Here, the court extended the time for Plaintiffs to serve Defendants, but Plaintiffs failed to accomplish service in the time allowed. "Failure to properly serve a defendant prevents a court from obtaining personal jurisdiction over the defendant and entitles the defendant to dismissal under Rule 12(b)(2)." *Fordham v. Doe*, No. 4:11-CV-32-D, 2011 WL 5024352, at *3 (E.D.N.C. Oct. 20, 2011) (citations omitted). However, if the plaintiff shows good cause for the failure of timely service, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Plaintiffs continue to demonstrate diligent effort to effect service in this case. *See Gulley v. Rex Hosp., Inc.*, No. 5:14-CV-00127-F, 2014 WL 4537185, at *2 (E.D.N.C. Sept. 11, 2014) ("Courts have authorized extensions of time where a *pro se* plaintiff has made a reasonable effort to effect service.") (citation omitted). Accordingly, it is recommended that the court allow Plaintiffs an additional forty-five (45) days to serve Defendants Martin Fein Interest Ltd., Brenda Hubbard, Katie Nelson, Trevor Stroud, and Desseraye Perry.

The court has previously recognized that because Plaintiffs are proceeding *in forma pauperis*, they may rely on the U.S. Marshals Service to serve the summonses and complaint. *See*

13

Fed. R. Civ. P. 4(c)(3); *Johnson v. Fields*, No. 2:14-CV-38-FDW, 2016 WL 3850167, at *3 (W.D.N.C. July 13, 2016) ("Plaintiffs who are proceeding in forma pauperis must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915.") (citing 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3)). Plaintiffs were also cautioned that they must provide the correct service information, including the defendant's address, for the U.S. Marshals to effect service. *See Scott v. Md. State Dep't of Labor*, No. 15-1617, 2016 WL 7378091, at *4 (4th Cir. Dec. 20, 2016) (per curiam) (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("[I]t [is the plaintiff's] responsibility to provide proper addresses for service . . . .")). Accordingly, it is further recommended that Plaintiffs be allowed fourteen (14) days to provide amended summonses for Defendants with the correct service addresses to the Clerk's Office, and that the U.S. Marshals be ordered to make personal service on Defendants, where the U.S. Marshals' prior attempt at service by certified mail failed. *See Clary v. Perry*, No. 5:16-CT-3259-BO, 2019 WL 5966673, at *1 (E.D.N.C. Nov. 12, 2019) (ordering the U.S. Marshals Service to personally serve defendant where service by certified mail failed).

### 4. Motion to Redline the Complaint

Plaintiffs seek to amend the complaint to add additional factual allegations regarding alleged continued acts of discrimination. [DE-109]. No response to the motion was filed. Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In other instances, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Given that the complaint has not been served, it is recommended that Plaintiffs be allowed to file an amended complaint within seven (7) days.

14

## IV. Conclusion

For the reasons stated herein, it is recommended that Plaintiffs' motion to withdraw proof of service, [DE-103], be allowed; the Martin Fein Defendants' motion to dismiss, [DE-104], be denied; the Bell Partners Defendants' motion to dismiss, [DE-107], be allowed in part; Plaintiffs' motion to redline complaint, [DE-109], be allowed; and Plaintiffs' motion to dismiss without prejudice, [DE-110, -112], be allowed. It is further recommended that the time for serving the summonses and complaint be extended and that the U.S. Marshals Service be ordered to make personal service on Defendants upon Plaintiffs' presentation of amended summonses to the Clerk's Office.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **February 7, 2023** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. See, e.g., 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the

presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, this the 24th day of January 2023.

_____

Robert B. Jones, Jr.
United States Magistrate Judge

16