IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-83-M

| | | |
|---|---|---|
| RAYMOND EARL MAY, JR. and ANGELA DOLORES MAY, | ) ) ) | |
| Plaintiffs, | ) ) | **MEMORANDUM AND** |
| v. | ) ) | **RECOMMENDATION** |
| MARTIN FEIN INTEREST LTD., | ) ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Martin Fein Interest Ltd.'s motion to dismiss. [DE-130]. Plaintiffs Raymond and Angela May oppose the motion. [DE-134]. The motion is referred to the undersigned for a memorandum and recommendation to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. R. 72.3(c)(1)a., E.D.N.C. For the reasons that follow, it is recommended the motion be denied.

## I. Background

On February 19, 2021, Plaintiffs, proceeding *pro se* and *in forma pauperis*, brought this action against multiple defendants, including Martin Fein Interest Ltd. ("Martin Fein"), related to alleged housing discrimination associated with their rental of an apartment at Creekside at Crabtree ("Creekside") in Raleigh, North Carolina. [DE-1-1, -1-2]. On frivolity review, Plaintiffs were allowed to proceed with their claims for race and disability discrimination and retaliation under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, [DE-12, -16], and the complaint (hereafter, the "Initial Complaint") was filed, [DE-13]. Plaintiffs subsequently filed a red-lined, proposed

amended complaint, [DE-15], and were advised by the court that they must follow Fed. R. Civ. P. 15 if they wished to amend their complaint, [DE-16]. Over the next year, Plaintiffs attempted to serve defendants, who filed motions to dismiss for improper service. The court allowed Plaintiffs additional time to serve defendants and ordered the U.S. Marshal to personally serve defendants, and Plaintiffs agreed to dismissal of certain defendants and were allowed to file an amended complaint. [DE-116, -122].

On February 8, 2023, Plaintiffs filed a Redlined Amended Complaint (hereafter, the "Amended Complaint") listing only Martin Fein as a defendant and complaining of continued discrimination, as well as alleged misconduct by certain judges handling state court proceedings between Plaintiffs and Creekside. [DE-118]. The same day Plaintiffs also filed a motion to dismiss all remaining defendants except Martin Fein because the individual defendants were employed by Martin Fein, and "Martin Fein is responsible for their action[s] under the legal doctrine referred to as "respondeat." *Id.* The court denied the motion to dismiss as moot in light of the filing of Plaintiff's Amended Complaint naming only Martin Fein, which the court accepted as the operative complaint. [DE-129]. On March 16, 2023, Martin Fein filed the instant motion to dismiss for failure to state a claim. [DE-130].

## II. Discussion

Defendant asserts that Plaintiffs' Amended Complaint, [DE-118], fails to state any cause of action against the sole remaining named defendant, Martin Fein, and instead relates to state court litigation between Plaintiffs and Creekside, alleged misconduct by state court judges and attorneys in the state court litigation, and alleged wrongdoing by Creekside employees. Def.'s Mem. [DE-130-1] at 1–2. Plaintiffs' response, in relevant part, asserts that Martin Fein owns

2

Creekside at Crabtree Apartments, and the Amended Complaint alleging continued discrimination was meant to serve as "an attachment to the initial complaint." [DE-134-1] at 1–2, 24.

As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir. 2000); and citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .")). However, in this case, it is apparent that Plaintiffs' intent was to supplement, rather than replace, the Initial Complaint with allegations of continued discrimination. *See* Redlined Am. Compl. [DE-118] at 1 (stating that plaintiffs "are amending the initial complaint in response to the Defendants continued discrimination"); Pls.' Obj. [DE-134-1] (stating the redline document was submitted to show continuing discrimination and was an attachment to the initial complaint).

In a similar case, a *pro se* plaintiff filed an "amended complaint" that was meant to correct errors in the initial complaint, and on a motion to dismiss the district court declined to consider the factual allegations in the initial complaint, reasoning that it had been superseded by the amended complaint. *Royster v. Brennan*, 771 F. App'x 292, 292 (4th Cir. 2019). The Fourth Circuit on appeal explained that "it is fundamental that *pro se* complaints must be construed liberally" and concluded that the amended complaint "clearly was not meant to stand alone" and the district court "should have construed it to incorporate by reference the factual allegations in the initial complaint." *Id.* at 292–93 (citing *Williamson v. Stirling*, 912 F.3d 154, 170 (4th Cir. 2018)).

3

In Plaintiffs' Initial Complaint they alleged that Martin Fein was the owner of Creekside from May 2018 until November 2019 and that various individuals involved in the alleged wrongful conduct were employees of Martin Fein. [DE-13-1] at 4–6. On frivolity review the court allowed the Fair Housing Act claims against Martin Fein to proceed because "it is well established that the [Fair Housing] Act provides for vicarious liability," and "traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." *May v. Martin Fein Int. Ltd.*, No. 5:21-CV-83-M, 2021 WL 3361688, at *7 (E.D.N.C. June 17, 2021) (quoting *Meyer v. Holley*, 537 U.S. 280, 285 (2003) and citing *United States v. Cochran*, 79 F. Supp. 3d 578, 584 (E.D.N.C. 2015) ("a theory of vicarious liability . . . is a straightforward, well-established, avenue of relief in a Fair Housing Act case")), *report and recommendation adopted*, 2021 WL 3356324 (E.D.N.C. Aug. 2, 2021). The court also noted that "compliance with the ADA and FHA . . . is 'nondelegable' in that an owner cannot 'insulate himself from liability for . . . discrimination in regard to living premises owned by him and managed for his benefit merely by relinquishing the responsibility for preventing such discrimination to another party.'" *Id.* (quoting *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602 (4th Cir. 2010) (quoting *Walker v. Crigler*, 976 F.2d 900, 904 (4th Cir. 1992))).

Plaintiffs would be prejudiced by the court's failure to consider the factual allegations and claims asserted in the Initial Complaint against Martin Fein where the Amended Complaint was clearly meant to supplement, rather than replace, the Initial Complaint. *See Royster*, 771 F. App'x at 292–93. Defendant's motion to dismiss is premised on the Amended Complaint superseding the Initial Complaint and does not address the substantive claims against Martin Fein that the court allowed to proceed after frivolity review. *See* Def.'s Mem. [DE-130-1] at 2–6. Accordingly, it is

4

recommended that Plaintiff's Initial Complaint, [DE-13], and Amended Complaint, [DE-118], be construed together as the operative complaint, and Defendant's motion to dismiss be denied without prejudice.

## III. Conclusion

For the reasons stated above, it is recommended that Plaintiff's Initial Complaint, [DE-13], and Amended Complaint, [DE-118], be construed together as the operative complaint, and Defendant's motion to dismiss be denied without prejudice.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. You shall have until **Friday, September 1, 2023**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order**

5

or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, this the 15 day of August, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge

6