IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-CV-00083-M-RJ

RAYMOND EARL MAY, JR. and
ANGELA DOLORES MAY,

    Plaintiffs,

v.

MARTIN FEIN INTEREST LTD.,

    Defendant.

ORDER

This matter comes before the court for review of the Memorandum and Recommendation (the "Recommendation") filed on August 18, 2023, by Magistrate Judge Robert B. Jones, Jr., in accordance with 28 U.S.C. § 636(b). DE 140. In the Recommendation, Judge Jones recommends that (pro se) Plaintiffs' Initial Complaint, [DE-13], and Amended Complaint, [DE-118], be construed together as the operative complaint, and that Defendant Martin Fein Interest LTD.'s Motion to Dismiss [DE 130] be denied. *Id.* at 5. The Recommendation was served on the parties on August 18, 2023. *See id.* Defendant timely filed objections to the Recommendation [DE 141]. Plaintiffs filed an unsigned response to the objections outside the time permitted by the Federal Rules of Civil Procedure, DE 142, then subsequently re-filed their response (with signature) along with a motion requesting that the court consider their response timely [DE 143-1].

Judge Jones previously recounted the factual history of this case, which involves alleged housing discrimination at an apartment complex owned by Defendant. *See* DE 12 at 3-13. Plaintiffs later filed the Amended Complaint, DE 118, and on the same day filed a motion to dismiss all Defendants other than Defendant Martin Fein, DE 117. Defendant thereafter moved to

dismiss the Amended Complaint on the grounds that the pleading "relates entirely to State Court Litigation," DE 130-1 at 2, and that the "allegations against Defendant [in the Amended Complaint] are extremely limited and do not form the basis for any cognizable claim," *id.* at 4. As previously noted, Judge Jones recommends that the court collectively consider the Initial Complaint (which includes allegations against Defendant) and the Amended Complaint as the operative complaint, and deny the Motion to Dismiss. DE 140 at 5.

Defendant principally objects to Judge Jones' consideration of both the Initial and Amended Complaint when evaluating the Motion to Dismiss, arguing that Plaintiffs' Amended Complaint supersedes the Initial Complaint. DE 141 at 2-4. The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b), and must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," *id.*; *see also* Fed. R. Civ. P. 72(b)(3). The court concludes Judge Jones' consideration of both Complaints was proper.

True, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). But "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). As the United States Court of Appeals for the Fourth Circuit has reminded district courts for nearly forty years, "the work of an untutored hand requir[es] special judicial solicitude[, and] litigants with meritorious claims should not be tripped up in court on technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985); *see also Royster v. Brennan*, 771 F. App'x 292, 293 (4th Cir. 2019) (reiterating "fundamental that pro se complaints must be construed liberally").

In consideration of those principles, courts in this circuit regularly consider factual allegations in a pro se plaintiff's original and amended complaint, and liberally construe filings associated with an amended complaint. *See, e.g.*, *Webster v. Holley*, No. 1:22-CV-1025, 2023 WL 5153737, at *4 (M.D.N.C. Aug. 10, 2023) (recommending denial of motion to dismiss amended complaint where amended complaint provided new name for defendant but did not include any factual allegations from original complaint), *recommendation adopted sub nom. Webster v. Holly*, No. 1:22-CV-1025, 2023 WL 5608017 (M.D.N.C. Aug. 30, 2023); *Lee v. Kanode*, No. 7:20-CV-00305, 2022 WL 4798263, at *1 n.1 (W.D. Va. Sept. 30, 2022) (finding that pro se plaintiff, who neglected to sign original complaint, then submitted signed amended complaint that lacked factual details from original complaint, made "good faith attempt to ... to incorporate the factual details from his first complaint into his amended complaint" (internal brackets omitted)); *Duneske v. Greenville Cnty. Sheriff's Off.*, No. 6:20-CV-2599, 2020 WL 13747858, at *1 (D.S.C. Nov. 12, 2020) (considering factual allegations in both original and amended complaint); *Owens v. University of S.C.*, No. 3:18-CV-547, 2018 WL 3587028, at *1 n.2 (D.S.C. July 26, 2018) (acknowledging general rule of *Young*, but then granting plaintiff's motion to amend his amended complaint in order to incorporate factual allegations from original complaint into amended complaint), *recommendation adopted*, No. 3:18-CV-547, 2019 WL 421886 (D.S.C. Feb. 4, 2019), *aff'd*, 771 F. App'x 299 (4th Cir. 2019).

Here, the court finds that Plaintiffs intended their Amended Complaint to supplement rather than replace their Initial Complaint, for three reasons. First, in the introductory sentence of the Amended Complaint, Plaintiffs explain that they are amending their Initial Complaint "in response to" *continued* discrimination by Defendants. DE 18 at 1. The court thus infers an intent on the part of Plaintiffs to apprise the court of additional conduct by Defendants relevant to Plaintiffs'

claim, rather than an intent to entirely revisit the factual basis underlying their claim. Second, and relatedly, the Amended Complaint primarily contains factual allegations that post-date the filing of the Initial Complaint. *See generally* DE 118 at 3-23; DE 118-3 – DE 118-20 (exhibits of state court orders and judgments dating from July 2021 to September 2022). Presentation of factual allegations that occurred subsequent to the filing of the Initial Complaint further supports the conclusion that Plaintiffs intended to supplement their Initial Complaint.

Third, Plaintiffs moved to dismiss all Defendants except for Defendant Martin Fein on the same day they filed the Amended Complaint. DE 117. The notion that Plaintiffs would voluntarily elect to proceed only against Defendant, but at the same time do so with a filing that rarely mentions Defendant, lacks plausibility. In sum, the foregoing contextual considerations demonstrate that Plaintiffs merely intended to supplement their Initial Complaint with the Amended Complaint. Given the liberal construction courts afford pro se filings, *see Erickson*, 551 U.S. at 94, the court concludes that Judge Jones' consideration of both Complaints was appropriate. The court has thus made a de novo determination in accord with the Recommendation, 28 U.S.C. § 636(b), and adopts the Recommendation in full.[1]

---

[1] Defendant describes consideration of both Complaints as an exception to "the general rule that an amended complaint replaces and supersedes an original complaint," DE 141 at 1, and that the exception should not apply in this case. But affording liberal construction to pro se filings is also a general rule. *See Erickson*, 551 U.S. at 94; *Royster*, 771 F. App'x at 293 *Webster*, 2023 WL 5153737, at *4; *Lee*, 2022 WL 4798263, at *1 n.1; *Duneske*, 2020 WL 13747858, at *1; *Owens*, 2018 WL 3587028, at *1 n.2. As this case demonstrates, sometimes two "general rules" can exist in tension. Ultimately, because this dispute arises in the context of an amendment to a pleading, the court defers to the United States Supreme Court's view that Plaintiffs "ought to be afforded an opportunity to test [their] claim on the merits[, absent any showing of] undue delay, bad faith or dilatory motive." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant Martin Fein also describes as "[s]ignificant[]" the fact that they never received service of the Initial Complaint. DE 141 at 2. But the Motion to Dismiss was predicated on Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* DE 130-1. Defendant Martin Fein never raised a service of process argument in the Motion to Dismiss, and the court need not consider arguments "raised for the first time in [] objections to the magistrate judge's recommendation." *United States v. Humphreys*, 194 F.3d 1306 (Table), 1999 WL 760526 at *1 (4th Cir. 1999); *see also Bernal v. United States*, No. 1:14-CR-23-2, 2020 WL 6156773, at *2 (M.D.N.C. Oct. 21, 2020) ("The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court") (internal brackets omitted).

The foregoing analysis in part leads the court to deny Plaintiffs' motion requesting that the court consider their response to Defendant's objections as timely filed. To start, Plaintiff's response was not timely. Defendant filed its objections to the Recommendation on August 30, 2023, DE 141, meaning that Plaintiffs needed to respond on or before September 13, *see* Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(a)(1)(A)-(B). Plaintiffs did not file a motion for an extension of time. Local Civil Rule 6.1(a). Rather, they appear to have operated under the misapprehension that "[t]he[ir] deadline was September 20, 2023," DE 143-1 at 1, and that they considered as timely their submission of the (unsigned) response on September 19, 2023. Because Plaintiffs' motion was "made after the time ha[d] expired" for them to respond to Defendant's objections, they must establish excusable neglect in order for the court to deem their response timely, *see* Fed. R. Civ. P. 6(b)(1)(B).

"Relevant circumstances for determining excusable neglect are the danger of prejudice, length of delay and potential impact, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith." *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013). Here, Plaintiffs will suffer no prejudice, because the court is overruling Defendant's objections and adopting Judge Jones' Recommendation in full. Further, Plaintiffs' delay is apparently attributable to a lack of familiarity with the Federal Rules of Civil Procedure, but "lack of familiarity with rules by law does not constitute excusable neglect." *Alexander v. Glut Food Coop*, No. 8:10-CV-00955, 2013 WL 1741982, at *3 (D. Md. Apr. 22, 2013), *aff'd*, 546 F. App'x 165 (4th Cir. 2013). Although the court does not doubt that Plaintiffs (who, as mentioned, are proceeding without the assistance of counsel) acted in good faith, the delay was entirely within their reasonable control. Taken together, Plaintiffs have not established excusable neglect, and the court will deny their motion.

Defendant's objections [DE 141] are OVERRULED, and the Recommendation [DE 140] is hereby ADOPTED, in that Plaintiffs' Initial Complaint, [DE-13], and Amended Complaint, [DE-118], shall be construed together as the operative complaint, and Defendant's Motion to Dismiss [DE 130] is DENIED. Further, Plaintiffs' motion [DE 143-1] is DENIED.

SO ORDERED this 27th day of September, 2023.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE